Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X DJ2025-063B

| JOAQUIN E. MARTÍNEZ VILÁ<br><br>APELANTE<br><br>V.<br><br>JOSÉ D. MAHIQUES MARTÍNEZ,<br>KIARA NILETTE PAGÁN NIEVES<br><br>APELADOS | TA2026AP00540 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Hatillo<br><br>Caso Núm. HA2025CV00347<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios, Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Joaquín Emilio Martínez Vilá (en adelante, señor Martínez Vilá o apelante) mediante recurso de *Apelación* presentado el 28 de mayo de 2026 y nos solicita que dejemos sin efecto la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Hatillo (TPI) el 15 de mayo de 2026. Mediante el referido dictamen, el foro primario declaró "Con Lugar" la solicitud de desestimación presentada por la señora Kiara N. Pagán Nieves (en adelante, señora Pagán Nieves o apelada).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

**I.**

El 7 de noviembre de 2025, el señor Martínez Vilá presentó la *Demanda* del epígrafe.[1] En esencia, este sostuvo que este le propuso al señor José Daniel Mahiques Martínez (en adelante, señor Mahiques

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

Martínez) asociarse para operar un "food truck" en el municipio de Dorado bajo un nuevo concepto gastronómico de hamburguesas tipo "Smash Burger". Las partes acordaron ser socios en partes iguales, aportando el señor Mahiques Martínez el carretón, mientras que el señor Martínez Vilá la suma de $4,000.00 para habilitarlo y adquirir el equipo necesario. Además, las partes acordaron asignarse un salario semanal de $400.00 cada uno, con el objetivo de continuar acumulando capital para abrir otros establecimientos. Con las ganancias del primer negocio, abrieron un segundo establecimiento denominado "Los Cheesy #2" en Hatillo, así como otros dos (2) negocios similares bajo el mismo nombre en los municipios de Aguadilla y San Juan (Condado).

Además, acordaron dividirse las funciones y/o operaciones del negocio de la siguiente manera: el señor Martínez Vilá se encargaría de entrenar al personal y velar por la calidad del producto; mientras que el señor Mahiques Martínez administraría las cuentas y realizaría las compras a suplidores. Asimismo, el señor Mahiques Martínez asignó a su pareja, la señora Pagán Nieves, quien para ese tiempo trabajaba como mesera en el local de Hatillo, y la cambió para hacer nómina y los honorarios de los empleados en el local de Condado.

Además, indicó que el 14 de octubre de 2025, este junto a su pareja, la apelada y el señor Mahiques Martínez viajaron a España. Sostuvo que, durante dicho viaje, este observó que la señora Pagán Nieves, utilizaba una tarjeta de crédito "Platinum" del negocio para realizar compras personales no autorizadas. Añadió que, el señor Mahiques Martínez, administraba las cuentas y utilizaba los fondos para su beneficio personal y el de la apelada, quien a su vez usaba los ingresos de los negocios de Hatillo y Condado para fines propios. Añadió que, el señor Mahiques Martínez y la apelada se apropiaron de aproximadamente $25,000.00 mensuales, sin compartir beneficio alguno

con el apelante, acumulando una suma estimada en no menos de $300,000.00.[2]

Luego de varios trámites que resulta innecesario pormenorizar aquí, la señora Pagán Nieves presentó *Moción de Desestimación con Perjuicio a la Demanda.*[3] En esencia, sostuvo que se debía desestimar la *Demanda* bajo la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, dado a que, la acción en su contra no expone una reclamación que justifique la concesión de un remedio. Explicó que la única alegación en su en contra en la *Demanda* es que esta, alegadamente utilizó una tarjeta de crédito "del negocio" para realizar compras personales sin conocimiento del demandante. Sostuvo que, en ningún momento el apelante alegó que esta tuvo una relación contractual con este, la cual fue incumplida, ni tampoco alegó actuaciones algunas que den margen a un reclamo por daños extracontractuales. Asimismo, presentó como anejo la tarjeta "Platinium" que aparece a nombre del señor Mahíques Martínez.[4] Igualmente, presentó como anejo certificaciones del Banco Popular que indican que el cuentahabiente lo es el señor Mahíques Martínez.[5] Por lo cual, sostuvo que este es al único que puede hacerle el reclamo del alegado uso de la tarjeta.

Ante ello, el apelante presentó su oposición a la desestimación de la señora Pagán Nieves.[6] Allí, argumentó que la demanda no debe ser desestimada en contra de la apelada, por razón de que esta utilizó fondos pertenecientes al apelante, sin consentimiento de este, por lo cual, tiene una causa de acción en cobro de dinero contra esta. Asimismo, el señor Martínez Vilá mediante *Moción en apoyo a Oposición de Desestimación a tenor con nueva Jurisprudencia del Tribunal Supremo*, sostuvo que el caso *Saint Mary Investment LLC v. Denton Morales y otros*, 2026 TSPR 35

---

[2] Íd.
[3] Entrada #19 de SUMAC TPI.
[4] Íd., Anejo 1.
[5] Íd., Anejo 2.
[6] Entrada #23 de SUMAC TPI.

(2026), resolvió un caso similar al de autos.[7] Este adujo que en ese caso se estableció que en etapas tempranas de los procedimientos y los casos no hay que probar las alegaciones con evidencia particular, sino que las alegaciones son concisas y sencillas, por lo cual, no procede una desestimación en esta etapa de los procedimientos.

Luego de analizar ambas posiciones, el TPI emitió una *Sentencia Parcial* en la cual desestimó la causa de acción en contra de la señora Pagán Nieves.[8] Sostuvo que, aun tomando como ciertas las alegaciones de la demanda presentada por el señor Martínez Vilá y viéndola de la forma más favorable a esta, la *Demanda* deja de exponer una reclamación que justifique la concesión de un remedio. Dado a que, en la demanda de autos no se formularon alegaciones que establecieran una relación de índole contractual entre el señor Martínez Vilá y la señora Pagán Nieves. Asimismo, no se alegó que hubo actuaciones u omisiones ilícitas por parte de la apelada que le ocasionaron daños al señor Martínez Vilá.

Inconforme con el proceder del TPI, el 28 de mayo de 2026, el apelante acudió ante este Tribunal mediante recurso de *Apelación* y señala los siguientes errores:

> PRIMER ERROR: Cometió error de hecho y de derecho el TPI al desestimar la Demanda sin tener en consideración, y contrario a lo establecido en la Regla 10.2 y en la jurisprudencia aplicable, conforme se verá en la argumentación de derecho.

> SEGUNDO ERROR: Al desestimar con perjuicio la causa de acción de la demandada Pagán.

De otro lado, el 25 de junio de 2026, la apelada presentó su recurso de oposición a la *Apelación.*

---

[7] Entrada #24 de SUMAC TPI.
[8] Entrada #27 de SUMAC TPI.

## II.

### A. Las alegaciones

La Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que para que una alegación exponga una solicitud de un remedio deberá contener una: (1) relación sucinta y sencilla de los hechos que demuestren que la parte peticionaria tiene derecho a un remedio y (2) solicitud del remedio al que se entiende tener derecho. Según la Regla 6.1 *supra,* basta que la demanda contenga información preliminar sobre los hechos demostrativos, porque podrá ampliarse durante el descubrimiento de prueba. *Saint Mary Investment LLC v. Denton Morales y otros, supra,* págs. 7-8. Por esa razón, no es necesario exponer detalladamente todos los hechos que dan base a la reclamación. Íd., pág. 8 (citando a *Informe de Reglas de Procedimiento Civil, Secretariado de la conferencia Judicial y Notarial,* marzo 2008, pág. 70).

El propósito general de las alegaciones es notificar a la parte contraria a grandes rasgos sobre las reclamaciones en su contra, para que comparezca a defenderse, si lo desea. Íd., pág. 8. La demanda debe ofrecer un nivel mínimo de especificidad que permita identificar los actos imputados y el daño alegadamente causado. Íd.

Por su parte, y cónsono con lo anterior la Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V, dispone que las aseveraciones de las alegaciones serán sencillas, concisas y directas. Por esa razón, la redacción de las alegaciones no requiere fórmulas técnicas. Íd. "Todas las alegaciones se interpretarán con el propósito de hacer justicia". Íd. El objetivo primordial de las alegaciones es advertir a la parte adversa los hechos y las reclamaciones que se le plantean durante el trámite judicial.

### B. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación

son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó en *Costas Elena y otros v. Magic Sport y otros, supra,* las normas que rigen la desestimación de una demanda basada en la Regla 10.2(5) de Procedimiento Civil, *supra.* Estas normas son las siguientes:

(1)   La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotará la pretensión del demandante.

(2)   Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), supra, el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3)   Los tribunales que atienden una moción basada en la Regla 10.5, supra, tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4)   Toda duda debe resolverse a favor del demandante.

(5)   El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. *Costas Elena y otros v. Magic Sport y otros, supra,* págs. 533-534.

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Saint Mary Investment, LLC v Denton Morales, supra,* pág. 14; *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 534.

En cuanto a la moción de desestimación basada en que la demanda no contiene alegaciones que justifiquen la concesión de un remedio. El demandado solo prevalecerá si establece certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probar en apoyo a su reclamación y aun interpretando la demanda lo más liberalmente a su favor. *Saint Mary Investment, LLC v. Denton Morales, supra,* pág. 10. Por tanto, los tribunales están obligados a desestimar una demanda cuando sus alegaciones no cumplen con el estándar de plausibilidad. Íd., pág. 12.

### III.

La controversia se reduce a determinar, si las alegaciones en la *Demanda* del epígrafe son suficientes para que exista una causa de acción en contra de la señora Pagán Nieves.

Surge de la *Demanda,* que las alegaciones en contra de la apelada se limitan a lo siguiente: (1) El señor Mahiques Martínez, asignó a su pareja, la señora Pagán Nieves, quien para ese tiempo trabajaba como mesera en el local de Hatillo, y la cambió para hacer nómina y los horarios de los empleados en el Condado.[9]; (2) Que el 14 de octubre de 2025, el señor Martínez Vilá y su pareja viajaron junto a la apelada y el señor Mahiques Martínez a España. Durante dicho viaje, el apelante observó que la señora Pagán Nieves, utilizaba una tarjeta de crédito "Platinum" del negocio para realizar compras personales no autorizadas.[10]; (3) Que, una vez establecidos los cuatro negocios, el señor Mahiques Martínez, administraba las cuentas y utilizaba los fondos para su beneficio personal y el de la apelada, quien a su vez usaba los ingresos de los negocios de Hatillo y Condado para fines propios.[11]; (5) Que el señor Mahiques Martínez y la apelada se apropiaron de aproximadamente $25,000.00 mensuales, sin compartir beneficio alguno

---

[9] Entrada #1, Alegación 15, de SUMAC TPI, pág. 3
[10] Íd., Alegación 17.
[11] Íd., Alegación 20.

con el apelante, acumulando una suma estimada en no menos de $300,000.00.[12]

De lo anterior, el apelante argumenta que existe una causa de acción en contra de la apelada, ya que sostuvo que esta se apropió de una suma de $25,000.00 mensuales, sin compartir beneficio alguno con este. Además, aduce que este caso, al igual que el de *Saint Mary Investment, LLC v. Denton Morales, supra,* se encuentra en las primeras etapas del litigio, por lo que, es improcedente la desestimación. Este se sustenta en que en el referido precedente resolvió lo siguiente, sobre la desestimación en etapa temprana:

> Por consiguiente, tomando en consideración que la presente controversia se encontraba apenas en la génesis del litigio sin que se hubiese iniciado el descubrimiento de prueba, ni se hubiese celebrado vista alguna, nos parece apropiado concluir que no procedía la desestimación de la Demanda. En cambio, en el caso de marras, lo procedente hubiera sido concederle un término a la peticionaria para que enmendada sus alegaciones y las ajustara a los acontecimientos que surgen del propio expediente. *Saint Mary Investment, LLC v. Denton Morales, supra,* pág. 16.

No obstante, no nos convence el argumento esgrimido por el apelante.

Es sabido que, procede la desestimación de la demanda cuando esta no contiene alegaciones que justifiquen la concesión de un remedio. Véase, Regla 10.2(5) de Procedimiento Civil, *supra.* El demandado solo prevalecerá si establece certeramente, que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probar en apoyo a su reclamación y aun interpretando la demanda lo más liberalmente a su favor. *Saint Mary Investment, LLC v. Denton Morales, supra,* pág. 10. Los tribunales están obligados a desestimar una demanda cuando sus alegaciones no cumplen con el estándar de plausibilidad. Una demanda insuficiente no puede proceder bajo el pretexto de que se podrá probar sus alegaciones conclusorias mediante

---

[12] Íd., Alegación 23.

el descubrimiento de prueba. Íd., pág. 12; *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 534.

En el presente caso, coincidimos con la decisión del foro primario, toda vez que la *Demanda* nunca formuló alegaciones que establecieran una obligación de la apelada con el apelante, que den pie a entablar una reclamación en su contra. Igualmente, en las alegaciones no surge que la apelada cometió actuaciones u omisiones ilícitas que le ocasionaron daños al apelante. Asimismo, en cuanto al alegado uso de la apelada con la tarjeta "Platinum", propiedad del señor Mahíques Martínez, y utilizada en un viaje a España, aun tomándolo como cierto, el apelante no tiene derecho a remedio alguno.[13] Más aun, cuando la apelada ya presentó como prueba certificaciones del Banco Popular que demuestran que el dueño de las cuentas y la tarjeta en cuestión le pertenecen al señor Mahíques Martínez.[14]

Siendo ello así, ante la inexistencia de un reclamo que justifique un remedio en contra de la apelada, estamos obligados a desestimar la *Demanda.* Así pues, se confirma *Sentencia Parcial* emitida por el TPI.

**IV.**

Por las razones que anteceden, confirmamos la *Sentencia Parcial* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Entrada #19, Anejo 1, de SUMAC TPI.
[14] Íd., Anejo 2.